

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| FRED A. SMITH, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO.: 0:18-00482-MGL |
| § | |
| JOLEESA JAMES, § | |
| Defendant. § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as an action under 42 U.S.C. § 1983. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court need not, however, conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005). Furthermore, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on March 6, 2018. ECF No. 8. Plaintiff failed to file timely objections to the Report. On March 27, 2018, the Court issued an Order adopting the Report and dismissing Plaintiff's complaint without prejudice and without issuance and service of process. ECF No. 12. The same day, the Clerk of Court entered judgment dismissing the action without prejudice. ECF No. 13. On March 28, 2018, the Clerk of Court filed Plaintiff's objections to the Report. ECF No. 15.

The Court has reviewed Plaintiff's objections, but finds they are non-specific, and unrelated to the dispositive portions of the Report. Accordingly, after a thorough review of the

Report and the record in this case pursuant to the standards set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process. The Clerk of Court is **DIRECTED** to vacate the previous Order adopting the Report, ECF No. 12, and corresponding judgment, ECF No. 13.

    **IT IS SO ORDERED**.

    Signed this 29th day of March, 2018, in Columbia, South Carolina.

    s/ Mary Geiger Lewis
    MARY GEIGER LEWIS
    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.